*G. Read.* The objection made on the Act seems to me should have been by error to judgment. The question now should be, have the sales been fairly conducted? If a judgment once gets on the record by consent of the court, it can only be removed by error.

*Bedford.* Controverted sales are controverted on no other principle than misconduct of the officer. Erroneous judgment by our law cannot bind lands, but if set aside the lands are not to be restored, but the money.

*Bayard.* If the judgment should not be good, plaintiffs could not support their title. This judgment is neither void nor voidable, but good. Yet it does not bind land; the Act has restored the common law declaring judgments (except by the regulation of the Act) not binding lands. Act is made expressly to prevent improper sales. Judgments legally speaking do not bind the lands either in England or here; only from the operation of the Act of Parliament by *elegit* and our law by sale to make them liens.

The Court are of opinion that the rule be made absolute, the Act of Assembly being positive and express.

## LEWIS JONES, Administrator, v. WILLIAM McKENNAN.

Court of Common Pleas. New Castle. May 28, 1798.

*Rodney's Notes.*

*Bayard* [for plaintiff]. *Rodney* [for defendant].

*Rodney.* Objects this certificate signed by Simmon, accountant of the War Department, is not the best evidence.

*Bayard.* This copy is under seal of office, and is the best evidence to prove defendant was in possession of those final situs certificates. Court admitted them to go in evidence.

*Rodney.* We rely on the Act of Limitations from the year 1784 to 1796, or twelve years we were not called on. By Act of

Assembly action should be brought within six years unless exceptions to take the case out.

*Bayard.* McKennan got this property in his possession as a public agent or trustee, and in no case will the Act run against trustee, nor in case of frauds.

Court were of opinion the Act did not run in this case.

Verdict for plaintiff, $345.76.

## WOOLSEY WAPLES v. NATHANIEL WAPLES and EDWARD HALL, Executors of Burton Waples.

Court of Common Pleas. Sussex. November 22, 1798.

*Rodney's Notes.**

*Wilson* [for plaintiff]. *Ridgely, Bayard, Miller, Duff* [for defendants].

August 16, 1796. Will of Burton Waples appointing Agness W., Comfort King, and Ann Hall.

Jacob Argus. The cropper, Levin Moore, said he had one-sixth of the corn, his share was 75 or 80 bushels. Nathaniel Waples and Edward Hall and their people and hirelings carted off the five-sixths of the crop. Cart was supposed to beat out 25 bushels, was a large potato patch twelve or thirteen stacks fodder, one stack cut down before the old man's death. I bought three stacks of E. H., gave him $6.50 for it. There was near

* This case is also reported in *Bayard's Notebook, 234; Wilson's Red Book, 217.*